## HENRY B. DURYEE

*v.*

## ALFRED W. MARTIN et al.

A testator gave to his executor power to sell his lands, with the assent of a majority of the devisees, who were his wife, his brother and his three sisters, in case of their inability to make a partition. The executor, his brother (one of the devisees), gave to his sisters a mortgage for $8,000 on his interest in the premises, or in the proceeds, if the land should be sold, for moneys loaned by them to him, and also to indemnify them as sureties on his bond as executor. A mortgage on the premises was also given by him and his sisters to the widow to secure to her $1,000 due her from the testator, and also to secure to her an annuity in lieu of her claims under the will. Upon the devisees' request, they being unable to make partition, the property was sold by the executor.—*Held,*

(1) That the claim of the sisters under their mortgage, to be paid from the executor's share of the proceeds of the sale, was superior to that of his individual creditors, who had obtained judgments against him before the sisters' mortgage was given.

(2) That the devisees giving the widow a mortgage for the debt due her from the testator, did not deprive them of the power to consent to a sale of the premises under the will.

Creditor's bill. On final hearing on pleadings and proofs

*Mr. F. A. Dennis* and *Mr. W. D. Holt,* for complainant.

*Mr. W. Y. Johnson* for another creditor, Mrs. Catharine M. Johnson.

*Mr. J. F. Hageman,* for the Martins.

THE CHANCELLOR.

Augustus L. Martin, late of Princeton, deceased, by his will gave to his wife, after payment of his debts and funeral expenses, all his household furniture, and also half of the rest of his personal property, and gave the other half to his brother, Alfred

W., and his three sisters, Susan L., Rebecca A., and Eliza, in equal shares. He then gave to his wife, for life, the use, profit and income of one-third of his real estate, and gave the other two-thirds, with the remainder in fee of that third, to his brother and sisters in equal shares. The gifts to his wife were to be in lieu of her right of dower. He also provided that if his devisees could effect a partition of the real estate devised to them, satisfactory to themselves, the property need not be sold, but if not, and a majority of the devisees should assent to it, the executor (his brother) should sell the real estate, and pay over the proceeds of the sale to the several devisees, retaining one-third to be invested for his wife's life; the interest to be paid to her, and at her death the principal to go to his brother and sisters. The will was proved by the executor in April, 1881. In October, 1872, the complainant recovered a judgment against Alfred in the Mercer circuit court for $342.36. By virtue of an execution which was issued thereon February 1st, 1882, he caused a levy to be made on Alfred's interest in the testator's real estate, which was property in Princeton. Mrs. Catharine M. Johnson recovered a judgment against Alfred in the supreme court of this state, September 27th, 1881, for $629.02, and under execution thereon a levy was made on his interest in the property on October 5th, following. The property was sold by the executor May 8th, 1882, under the power of sale in the will, and was purchased by Susan L. and Rebecca A. Martin for $10,250. The bill sets forth the foregoing facts, except the recovery of the judgment of Mrs. Johnson, and the issuing of execution thereon and making a levy thereunder, and alleging that the complainant has no lien on the property, seeks to obtain satisfaction for his judgment out of Alfred's share of the proceeds of the sale. Mrs. Johnson was admitted as a defendant, in virtue of her judgment, after this suit was begun. By the answer of Susan L. and Rebecca A. Martin, it appears that Alfred, before the sale, and on the 1st of January, 1881, gave to them a mortgage for $8,000 to secure to them the payment of $4,000 and interest, and to indemnify them against loss by reason of their having become his sureties in a bond given by him for the

faithful performance of his duties as executor; and that he and Susan and Rebecca, in September, 1881, gave to the testator's widow a mortgage on the property for $1,000 and interest, to secure the payment of a debt due to her from the testator, and another mortgage on the property to secure to her the payment of an annuity of $350 for life in lieu of her dower, which she, for that consideration, released by deed. The mortgage to secure the annuity contains an agreement that if the security thereby given upon the mortgaged premises should be affected by a sale of the property, a new security should be substituted before the sale, as might be agreed upon by the parties interested, or as might be approved by the chancellor of this state. The mortgage to Susan and Rebecca declares that it is subject to a legal right of sale under the will of the testator, and that in the event of such sale the debt which it was intended to secure thereby, should and might be paid from the share of the proceeds of such sale that would be due to the mortgagor.

Under the provisions of the will, the title of the devisees, Alfred, Susan, Rebecca and Eliza, in two undivided thirds of the real estate, and in the remainder of the other third, after the widow's life estate, was a fee defeasible by the execution of the power of sale given to the executor in order to make partition.

The devisees could not agree upon a partition among themselves. One of them, Eliza, is, and for very many years has been, of unsound mind. Alfred, Susan and Rebecca united in a written request to the executor for a sale of the property, certifying that a partition of the devised premises could not be made satisfactorily to the devisees. The complainant, as the bill states, obtained no legal lien by virtue of his judgment, or his levy on Alfred's interest in the land under it. His lien was subject to the power of sale, and was wholly defeated and extinguished by the execution of the power. *Wetmore* v. *Midmer, 6 C. E. Gr. 242; Leggett* v. *Doremus, 10 C. E. Gr. 122.* And the same is true as to Mrs. Johnson. Nor have they or either of them any equitable lien. The mortgage to Susan and Rebecca, and the provision therein contained that the mortgage debt shall, in case of sale of the property under the power,

Duryee *v.* Martin.

be paid out of the proceeds of the sale, constituted an assign-
ment to the extent of the debt and interest of the share of
Alfred in the proceeds of the sale. *Herbert* v. *Tuthill, Sax.
141 ; Gest* v. *Flock, 1 Gr. Ch. 108.* And Alfred's share of the
proceeds of the sale is not sufficient to pay the mortgage. The
complainant and Mrs Johnson, however, insist that the mortgage
from Alfred to Susan and Rebecca was fraudulent as against
them ; that it was without consideration ; that the property was
sacrificed at the sale, and that the giving of the mortgage
and the sale of the property, were parts of a fraudulent design
to defeat the judgment creditors of Alfred. It is fully shown
that the mortgage was given for a full consideration, and that
there were due to the mortgagees from the mortgagor, when the
mortgage was given, about $6,100, for money lent by them to him,
and lawful interest thereon. It appears that he had borrowed
from each of them the money, $1,500, due her from their
father's estate, and had borrowed from Susan other money
also. Rebecca put in her claim under an assignment which he
made for the benefit of his creditors in 1872, and Susan put in
a part of her claim, and she received a dividend of ten per cent.
thereon, for which credit was given in making up the amount
due them from him when the mortgage was given. It is urged
against the validity of Susan's claim, that no claim in her favor
appears in the list of creditors annexed to the assignment. But
notwithstanding that fact, it is proved that a claim to the amount
of $381.05, all that was then due her except the $1,500 from
her father's estate borrowed from her by Alfred, was put in and
allowed, and she received a dividend on it. The rest of her
claim at that time was the $1,500 and interest, for which Alfred
had given her a mortgage on a farm. For aught that appears,
the property on which the mortgage had been given, had not
then been sold under foreclosure. It was sold under such pro-
ceeding (though it does not appear when), and nothing realized
by her therefrom. The rest of her claim for debt against
Alfred when the $8,000 mortgage was given, was for money
borrowed by him from her after the assignment, and interest
thereon. He, from time to time after the assignment, promised

his sisters to pay them the money he owed them. They are both of small means, and are single; and one of them, Rebecca, is a confirmed invalid, and has been for many years, and is confined to the house. His subsequent promise to pay the balance of the debts put in under the assignment, and the debt which, though it existed at the time of the assignment, was not proved under it, constituted a valid legal obligation. The property was sold at a fair sale to the highest bidder, and appears to have brought a fair price.

The fact that a mortgage was given to the widow for $1,000, a debt due her from her husband's estate, was adverted to on the hearing as being evidence of a waiver of the benefit of the provision for partition through sale. That mortgage is merely a mortgage of the land, with no provision in reference to a sale under the will. When it was given, the personal estate was exhausted in the payment of debts, and it was given to save the necessity of selling the real estate to pay the debt which it was made to secure, and which was a lien on it by law. The giving of this mortgage did not deprive the mortgagors of the power to consent to a sale by the executor under the power given by the will.

The bill will be dismissed, with costs.